**STATE of Iowa, Appellee,**

v.

**Linda F. MURPHY, Appellant.**

**No. 90–710.**

Court of Appeals of Iowa.

April 2, 1991.

Robert J. Hearity, Oelwein, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Allan W. Vanderhart, County Atty., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Following a trial to the court, Linda Murphy was found guilty of possession of marijuana and possession of methamphetamine. She has appealed from the resulting convictions.

Murphy contends the district court should have suppressed all evidence resulting from a warranted search of her home. She contends there was no probable cause for the issuance of the search warrant. She also contends the officers obtained the warrant by making false statements to the magistrate and by omitting relevant information.

The evidence shows that on December 22, 1989, a search warrant was issued for the residence and unattached garage occupied by Thomas Toale and the defendant, Linda Murphy. On December 29, 1989, the warrant was executed; however, only the

defendant was at the residence at the time. During the search the officers found methamphetamine in the defendant's purse. The defendant then informed the officers that more could be found in the upstairs bathroom. The defendant was formally placed under arrest and transported to the police station. The search of the residence continued after the defendant had been removed from the premises.

Murphy specifically contends the application for the warrant was made with intentional falsity or in reckless disregard for the truth. Additionally she claims there was an insufficient nexus between the information provided in the application for search warrant and the defendant. After a thorough review of the record, we find the trial court was correct in overruling the amended motion to suppress. We affirm.

█ Because the constitutionality of the procedure used in obtaining the search warrant is at issue in the case at bar, our review is de novo. *State v. Niehaus,* 452 N.W.2d 184, 187 (Iowa 1990). The defendant bears the preponderant burden of proof to show that the search warrant papers contained knowingly false or recklessly made statements. *State v. Groff,* 323 N.W.2d 204, 208 (Iowa 1982). To prove any recklessness, the defendant must show that the deputy "in fact entertained serious doubts" about the truth of his statements to the issuing magistrate. *State v. Niehaus,* 452 N.W.2d 184, 187 (Iowa 1990). In weighing the suppression evidence, we should give deference to the district court's findings on witness credibility. *State v. Weir,* 414 N.W.2d 327, 330 (Iowa 1987). In evaluating the defendant's allegations about omitted information, we should review the search warrant papers broadly:

.The requirements for warrants are practical and not abstract. Warrants are favored. Affidavits are tested in a common sense and realistic fashion. Elaborate specificity is not required.

█ We review to determine whether the deputy's conduct in this case constituted reckless disregard under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In *Franks,* the United States Supreme Court developed a means to examine truthfulness of an affiant in presenting evidence to a magistrate supporting issuance of a search warrant. The Iowa Supreme Court adopted this standard in *State v. Goff,* 323 N.W.2d 204, 206–08 (Iowa 1982). The test adopted in *Franks* questions whether the affiant was purposely untruthful with regard to a material fact in his or her application for the warrant, or acted with reckless disregard for the truth. *Franks,* 438 U.S. at 171–72, 98 S.Ct. at 2684–85, 57 L.Ed.2d at 682. Allegations of negligence or mistake are insufficient to sustain an assault on the warrant, and only impeachment of the affiant is permitted, not that of a non-governmental informant. *Id.* at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 682.

█ We have reviewed the allegations set forth by the defendant and we are unable to find any evidence which would suggest the deputy acted recklessly or improperly at any time. We further fail to find any evidence of intentional falsity in the papers presented to the magistrate. We find it to be unnecessary to review each allegation individually. In looking at the totality of the circumstances it is clear there was a logical and factual nexus between the evidence seized in the residence of the defendant and the defendant who was present in the residence at the execution of the search warrant.

The defendant also argues that the deputy could have added to the papers presented for the search warrant to "make them better". However, the defendant has failed to show that the deputy omitted any material information or that he acted improperly at any time.

We find the defendant failed to carry her burden of proof to show that a false statement was made or that it was made knowingly and intentionally or with a reckless disregard for the truth.

AFFIRMED.